I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
Nevada Legal Services, Inc.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
*Attorneys for Plaintiff Pauline Pears*



____ FILED          ____ RECEIVED
____ ENTERED        ____ SERVED ON
            COUNSEL/PARTIES OF RECORD

            JUN 1 1 2014

        CLERK US DISTRICT COURT
          DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* PAULINE PEARS, Relatrix,<br><br>and<br><br>PAULINE PEARS,<br><br>Plaintiffs,<br><br>v.<br><br>TRISHA LA, and STONE GATE REAL ESTATE SERVICES, a Nevada Corporation;<br><br>Defendants. | **FILED UNDER SEAL PURSUANT TO 31 U.S.C. § 3730(b)(2)**<br><br>2:14-cv-00909-GMN-GWF |

## COMPLAINT

### INTRODUCTION

*Qui Tam* Plaintiff, Pauline Pears ("Pears"), brings this action against Defendants Trisha La ("La") and Stonegate Real Estate Services ("Stonegate") to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.*  Pears rented a house from defendant Trisha La ("La"), via La's property manager, Stonegate Real Estate Services, pursuant to a federally-regulated rent subsidy program known as the Section 8 Tenant Based

Housing Choice Voucher Program ("Section 8"), administered locally by the Southern Regional

Housing Authority.   As part of the Section 8 program, La and SNRHA entered into a Housing

Assistance Payment Contract ("HAP"), which limited the amount of rent and utiltities that La

could charge Pears.   Under this HAP contract, La is prohibited from charging Pears any

additional rent or fees not set forth in the HAP contract.   Nonetheless, Defendants forced Pears

to pay an extra $400.00 per month in rent without approval from SNRHA.   Defendants violated

contractual and regulatory certifications and conditions for subsidy payments by charging  Pears

for rental amounts that exceeded the amount authorized by the HAP contract and SNRHA.

Defendants knowingly violated clear conditions for subsidy payments under the Section 8

program and knowingly submitted, or caused to be submitted, false or fraudulent claims,

resulting in thousands of dollar of rental payments that would not have been paid but for the

Defendant's misconduct.

The United States seeks all remedies available under the FCA. Pears seeks a statutory share

of any awarded damages paid to the United States under the FCA, in addition to court costs and

reasonable attorney fees.

## PARTIES

1. Plaintiff  Pauline Pears has been tenant at La's property on the premises located at 4336 Hera

   Temple Avenue, North Las Vegas, Nevada ("the premises"), from June of 2012 through the

   present.

2. Plaintiff United States of America is *ex rel.* Pauline Pears.  At all times material to this

   Complaint, HUD was an agency and instrumentality of Plaintiff United States and its

   activities, operations and contracts were paid from federal funds.

3.  Defendant Stonegate Real Estate Services, Inc., is a Nevada corporation and acts as an agent and property manager for Trisha La for rental properties located within Clark County, Nevada.

4.  Defendant Trisha La does business in Clark County, Nevada.  During all times material to the claims in this Complaint,  La entered into Housing Assistance Payment Contracts and lease agreements with relating to residential real property she leased  in Clark County, Nevada.  La is the current owner of the premises located at 4336 Hera Temple Avenue, North Las Vegas, Nevada that she leased to Pears.

## JURISDICTION

5.  This court has jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331, 1345 and 1367, and 31 U.S.C. § 3732.

## VENUE

6.  Defendants committed the unlawful acts in Clark County in the State of Nevada. Venue is proper under 28 U.S.C. § 1391 and 31 U.S.C. § 3732.

## STATEMENT OF FACTS

7.  The federal government instituted Section 8 to assist low income families with obtaining decent, safe, sanitary, and affordable rental housing; it is authorized by Section 8 of the U.S. Housing Act of 1937, 42 U.S.C. §1437f, and governed by regulations contained in 24 C.F.R. Part 982.

8.  Under Section 8, the United States Department of Housing and Urban Development (HUD) enters into annual contribution contracts with public housing agencies, including the Southern Nevada Regional Housing Authority (SNRHA).  See 24 C.F.R. 982.

9.  Pursuant to the annual contribution contract, SNRHA enters into a contract with the landlord of an existing dwelling to make monthly housing assistance payments on behalf of eligible tenants, subject to HUD approval; this contract is known as a Housing Assistance Payments Contract (HAP).

10. The HAP contract sets the legal relationship and contractual obligations between the landlord and the public housing agency.  It specifies, among other things, the total amount the monthly rent the landlord is entitled to receive for the rental unit, the amount of the monthly rent the public housing agency will pay to the landlord on behalf of the tenant, and the amount of the monthly rent that the tenant will pay directly to the landlord. *See* 24 C.F.R. § 982.451.  The contract rent is the full amount of the rent a landlord receives for the rental unit. The amount of rent the tenant pays is called the tenant portion.  The Housing Assistance Payment is the amount the public housing authority pays to the landlord.  The Housing Assistance Payment is the difference between the total amount of rent due to the landlord and the amount the tenant pays. *See* 24 C.F.R. § 982.451.

11. In addition to the HAP, the landlord also enters into a lease agreement with the eligible family that must comply with federal regulations.

12. The regulations governing payments under a HAP contract are found at 24 C.F.R. §982.451. These regulations provide that the rent paid to the landlord by the tenant cannot be more than the total rent specified in the HAP contract minus the payment by the public housing authority.  24 C.F.R. §982.452(b)(4)(i).  The landlord cannot demand or accept any rent payment from the tenant in excess of this amount and must immediately return any excess rent payment to the tenant.   24 C.F.R. §982.452(b)(4)(ii).

4

13. Part C, paragraph 5, of the HAP and federal law defines rent as "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

14. A housing authority may only approve a lease once it determines that the monthly rental amount is a "reasonable rent." See 24 C.F.R. §982.507. Rent is "payment for all housing services, maintenance, equipment, and utilities to be provided by the owner without additional charge to the tenant, in accordance with the HAP contract and lease." 24 C.F.R. 983.353(b)(2).

15. At all times material hereto, the Southern Nevada Regional Housing Authority (SNRHA), through the receipt of federal funds from HUD, administered the Section 8 program in Clark County, Nevada.

16. Pears has been a participant in the Section 8 program administered through SNHRA for approximately fifteen years. She qualifies for the Section 8 program because she is a low-income household. Her only income is $734.00 per month in long term disability payments.

17. Eric Sham ("Sham"), agent and employee of Stonegate, executed a lease between La and Pears to rent the premises located at 4336 Hera Temple Ave., North Las Vegas, Nevada, 89031, to Pears on May 17, 2012.

18. On May 17, 2012, Sham required Pears to sign a "Payment Addendum to Lease Agreement" stating that Pears would pay an extra $300 per month "by the side of [sic] Section 8 rent portion" in order to raise the total monthly rent to $1050.00. This addendum also stated that La would have the right to evict Pears if Pears did not make the side payment.

5

19. On June 5, 2012, Sham signed a Reduction of Rent Acknowledgment form from the SNRHA on behalf of La. This form stated that La agreed to reduce the monthly rental amount on the unit at 4336 Hera Temple Avenue from $750.00 to $640.00 so that the rental unit would meet standards set forth by HUD.

20. The Reduction of Rent Acknowledgment also stated that La agreed that she would not collect additional rent from Pears and that if SNRHA discovered La was collecting additional rent from Pears the HAP would be terminated and La would be banned from the program.

21. After he signed the rent reduction notice, Sham told Pears that she now had to make $400.00 in side payments so that the total rent would be $1050.00.

22. On June 14, 2012, Sham had Pears sign a second lease for the premises at 4336 Hera Temple Ave., North Las Vegas, Nevada, 89031, with a new monthly rental amount of $640.00 per month.

23. La entered into a HAP contract with SNRHA on June 21, 2012, by and through Sham, to rent the premises at 4336 Hera Temple Ave., North Las Vegas, Nevada, 89031 to Pears under the Section 8 program.

24. In Section 8 (d) of the HAP Defendants agreed and certified that they would not receive any other consideration from Plaintiff other than the HAPC rent. "Except for the rent to owner, the owner has not received and will not receive any payments or other consideration (from the family, the PHA, HUD, or any other public or private source) for rental of the contract unit during the HAP contract term." (Section 8(d.) HAP)

25. Part C, paragraph 5, of the HAP contract and federal law prohibit La from charging additional rent, otherwise known as side payments, and require La to immediately return any

excess rent payments to Pears. 24 C.F.R. 983.353(b)(3) (2005); 24 C.F.R. 982.451(b)(3) and (4) (1999).

26. Under Section 9-I.E., Page 9-8, of the Administrative Plan for the SNRHA Housing Choice Voucher Program, when a landlord accepts side payments for additional rent SNRHA will terminate the HAP contract and bar the owner from further participation in the Section 8 Program.

27. The HAP established a total monthly rental amount of $640.00. Initially, SNRHA paid $606.00 each month directly to La on behalf of Pears. Pears paid the remaining rental portion of $34.00 each month.

28. On November 13, 2013, SNHA lowered Pears'rental portion to $0.00. From that point forward, SNHRA paid the entire amount of the monthly rent for the premises at 4336 Hera Temple Lane directly to La.

29. Each month from June of 2012 to December of 2013, SNRHA paid rent to La on Pears' behalf.

30. Each month from June of 2012 to December of 2013, La charged Pears $410.00 above the total rent to owner set forth by the HAP contract between La and SHRHA.

31. Each month from June of 2012 to December of 2013, Pears paid La $410.00 in additional rent. This amounted to an extra $7,790.00 in rent during Pears' tenancy at the Hera Temple Ave. property.

32. Neither La nor Stonegate have returned the extra rent payments to Pears.

33. Neither HUD nor SNRHA authorized Defendants to collect more rent than the tenant's share of the rent as calculated in the HAP.

7

34. Defendants knowingly endorsed and presented for payment nineteen separate housing assistance payment checks from SNRHA while receiving nineteen unlawful "side payments" from Plaintiff totaling $7.790.00.

## CAUSE OF ACTION:
## VIOLATION OF FALSE CLAIMS ACT

35. Paragraphs 1 through 34 are incorporated herein by this reference.

36. The False Claims Act, 31 U.S.C. § 3729 *et seq.*, imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" from the United States Government. 31 U.S.C. § 3729(a)(1) (2009).

37. Any person who violates the False Claims Act is liable to the United States for not less than $5,000 and not more than $10,000, plus three times the damages suffered by the United States as a result of such person's actions, as well as for the costs of a civil action brought to recover penalty or damages under the False Claims Act. 31 U.S.C. § 3729(a)(1) and (3) (2009).

38. The False Claims Act defines "knowingly" to include the actions of a person who acts in "deliberate ignorance" or "reckless disregard" of the truth or falsity of the information, or has actual knowledge of the information; no proof of specific intent to defraud is necessary. 31 U.S.C. § 3729(b)(1) (2009). "Claim" is defined to include "any request or demand" for money made to a recipient if the United States pays "provides any portion of the money... which is requested." 31 U.S.C. § 3729(b)(2) (2009).

39. Defendants' endorsement and presentment of each housing assistance payment check for each month while they knowingly received "side rent" from Pears constitutes a separate false

8

claim or representation to the United States that they did not receive any other consideration for the rented premises for that month as set forth in the HAP contract.

40.  Defendants knowingly made or used, or caused to be made or used, false records or statements to get false or fraudulent claims paid or approved by officials of the United States Government, in violation of 31 U.S.C. §3729(a)(2).

41. The United States of America suffered damages as a result of violations of the False Claims Act because the housing assistance payment money which HUD disbursed to SNRHA for payment to Defendants under the Section 8 Program on behalf of Pears would not have been paid to the Defendants absent false claims and misrepresentations.

42. The United States sustained damages equal to all payments made to the Defendants pursuant to the Section 8 program.

43. Pursuant to 31 U.S.C. §3730(d), Pears is entitled to civil penalties and reasonable attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Pauline Pears and the United States of America respectfully request the following relief:

A.   Find that the Defendants violated the False Claims Act and are liable to the United States.

B.   Assess a civil penalty against Defendants for each of the nineteen (19) separate violations of the False Claims Act in the amount of not less than $5,500.00 and not more than $11,000.00, for a total of not less than $104,000 and not more than $209,000.00.

C.   Award the United States three times the amount of damages that it sustained as a result of Defendants acts.

D.   Award Pears the *qui tam* plaintiff's share of the proceeds or settlement pursuant to 31

U.S.C. § 3730(d).

E.   Award Pears the $7,790.00 in side payments Defendants collected from her.

F.   Award Pears any court costs and reasonable attorney's fees.

G.   Grant whatever other relief is just and proper.

DATED this 11ᵗʰ day of June, 2014.

                                        Respectfully Submitted,

                                        I. KRISTINE BERGSTROM, ESQ.
                                        Nevada State Bar No. 10841
                                        Nevada Legal Services, Inc.
                                        530 South Sixth Street
                                        Las Vegas, Nevada 89101
                                        (702) 386-0404 x148
                                        Facsimile (702) 388-1641
                                        *Attorneys for Plaintiff*

## CERTIFICATE AS TO INTERESTED PARTIES

The undersigned, counsel of record for Pauline Pears, certifies that the following have an interest in the outcome of this case: the United States Government, Defendant Tricia La and Defendant Stonegate Real Estate, Inc... These representations are made to enable judges of the Court to evaluate possible disqualifications.

Signature, Attorney of record for Pauline Pears:

I. KRISTINE BERGSTROM, ESQ.
Nevada State Bar No. 10841
Nevada Legal Services, Inc.
530 South Sixth Street
Las Vegas, Nevada 89101
(702) 386-0404 x148
Facsimile (702) 388-1641
*Attorneys for Plaintiff Pauline Pears*

11

## CERTIFICATE OF MAILING

I hereby certify that on this _____ day of _____, 2014, I served the

foregoing **COMPLAINT**, upon the following person(s), by depositing a copy of same in a

sealed envelope in the United States Mail, postage pre-paid, to the following:

**U.S. Attorney's Office**
**333 Las Vegas Boulevard South**
**Suite 5000**
**Las Vegas, NV 89101**

DATED this _____ day of _____, 2014.

_____
An Employee of Nevada Legal Services

12

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
United States of America ex rel. Pauline Pears and Pauline Pears

## DEFENDANTS
Trisha La & Stone Gate Real Estate Services, Inc.

(b)   County of Residence of First Listed Plaintiff   Clark County, NV
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Santa Clara County, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c)   Attorney's (Firm Name, Address, and Telephone Number)
I. Kristine Bergstrom, Nevada Legal Services, 530 S. 6th St., Las Vegas, NV 89101, (702) 386-0404 x117

Attorneys (If Known)
Unknown

*[Stamp overlay: FILED / ENTERED / RECEIVED / SERVED ON / COUNSEL/PARTIES OF RECORD / JUN ... / CLERK US DISTRICT COURT / DISTRICT OF NEVADA / BY: ____ DEPUTY]*

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff

☐ 3   Federal Question (U.S. Government Not a Party)

☐ 2   U.S. Government Defendant

☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
- **Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN   (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
31 U.S.C. §3729

Brief description of cause:
Landlord violated False Claims Act by accepting federal subsidy while charging tenant illegal payment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE   6/11/14
SIGNATURE OF ATTORNEY OF RECORD   *[signature] I.K. Bergs*

### FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____

2:14-cv-00909-GMN-GWF

JS 44 Reverse (Rev. 12/07)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.       (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.      Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.     Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.     Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.      Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.     Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.**         Example:         U.S. Civil Statute: <u>47 USC 553</u>
                                                        Brief Description: <u>Unauthorized reception of cable service</u>

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.